# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

**File No. ___**

INTELLECTUAL VENTURES II, LLC,

Plaintiff-Appellee,

v.

DEFENDANT-APPELLANTS JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, NAT'L ASS'N, AND CHASE BANK USA, NAT'L ASS'N, CHASE PAYMENTECH SOLUTIONS LLC, AND PAYMENTECH LLC,

Defendants-Appellants.

---

Appeals from the United States District Court for the Southern District of New York in Case No. 13-CV-03777, Judge Alvin K. Hellerstein

---

## DEFENDANTS-APPELLANTS' MOTION TO STAY UNDERLYING PROCEEDINGS PENDING APPEAL

---

## Table of Contents

Page

I.  PRELIMINARY STATEMENT ....................................................1

II. BACKGROUND ..........................................................................5

    A.    The District Court Decides That A *Markman* Hearing Should Be Held Before Any Discovery Begins.................................................5

    B.    Non-Party IBM Seeks And Obtains IPR Of The '666 Patent....................6

    C.    Twelve Other IPR Petitions Are Filed And The Same-Patents Cases Are All Stayed As A Result...............................................7

    D.    The Supreme Court Decides *Alice* And, After Only Four Months Of Discovery, JPMC Seeks CBM Review And Moves For A Stay...............7

    E.    The District Court Denies The Stay Motion And JPMC's Subsequent Motion For Stay Pending This Appeal.......................................8

III. STANDARD FOR GRANT OF STAY.........................................9

IV. JPMC HAS A HIGH LIKELIHOOD OF SUCCESS ON THE MERITS ..9

    A.    The District Court Mistakenly Concluded That CBM Review Does Not Simplify The Issues ................................................10

    B.    The District Court Misstated The Uncontroverted Record Concerning The Status Of The Case........................................12

    C.    The District Court's Conclusion That The Third Factor Weighs Against A Stay Is Plainly Erroneous ...................................13

    D.    The District Court Erroneously Concluded That CBM Review Will Not Reduce The Litigation Burden ...........................................14

    E.    The Denial Order Establishes That The District Court Mistakenly Based Its Decision On An Erroneous Assumption That Stays Pending CBM Review Conflict With The Federal Rules ................................14

i

**V. DENIAL OF A STAY PENDING APPEAL WILL IRREPARABLY INJURE JPMC BUT A GRANT OF A STAY WILL NOT INJURE IV.........15**

**VI. THE PUBLIC INTEREST SUPPORTS THE STAY ..................................18**

**VIII.       CONCLUSION ...................................................................................19**

# Table of Authorities

## Cases

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l.*,
  134 S. Ct. 2347 (2014) ............................................................................ 7

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*,
  2014 WL 1369721 (D. Del. Apr. 7, 2014) .......................................... 11

*Hilton v. Braunskill*,
  481 U.S. 770 (1987) ................................................................................ 9

*Interface, Inc. v. Tandus Flooring, Inc.*,
  2013 WL 5945177 (N.D. Ga. Nov. 5, 2013) ...................................... 11

*Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*,
  922 F. Supp. 2d 486 (D. Del. 2013) .................................................... 14

*Sky Techs. LLC v. SAP AG*,
  576 F.3d 1374 (Fed. Cir. 2009) ............................................................ 4

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*,
  897 F.2d 511 (Fed. Cir. 1990) .............................................................. 9

*Versata Software, Inc. v. Volusion, Inc.*,
  2013 WL 6912688 (W.D. Tex. June 20, 2013) .................................. 10

*VirtualAgility v. Inc. v. Salesforce.com, Inc.*,
  2014 WL 3360806 (Fed. Cir. July 10, 2014) ..................... 8, 10, 15, 17

## Rules

Fed. Cir. R. 8 .............................................................................................. 1

Fed. R. App. P. 8 ........................................................................................ 1

Defendant-Appellants JPMorgan Chase & Co., JPMorgan Chase Bank, Nat'l Ass'n, and Chase Bank USA, Nat'l Ass'n, Chase Paymentech Solutions LLC, and Paymentech LLC (collectively, "JPMC" or "Appellants") move under Fed. R. App. P. 8 and Fed. Cir. R. 8 for a stay of the underlying case brought by Plaintiff-Appellee Intellectual Ventures II, LLC (collectively with Intellectual Ventures I, LLC, "IV") pending resolution of this appeal.

## I.     PRELIMINARY STATEMENT

Appellants request a stay pending this appeal in order to avoid a waste of both judicial and private resources—resources that will be squandered in conducting a massive amount of discovery as well as engaging in motion practice addressing the same invalidity arguments concerning the numerous claims asserted here that simultaneously have been put before the Patent Trial and Appeal Board ("PTAB").  Appellants sought a stay at the District Court in light of (i) their petitions requesting review of two of the asserted patents under the Transitional Program for Covered Business Method Patents ("CBM Review" or "CBMR") provided by Section 18 of the 2011 Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112–29, 125 Stat. 284, 331 (2011), and (ii) thirteen (13) petitions requesting *inter partes* review ("IPR") of all five of the patents-in-suit (the "IPR Proceedings" and, collectively with the two CBMR petitions, the "PTAB Proceedings"), one of which already has been instituted by the PTAB.

The District Court's order denying a stay (Ex. 1, "Denial Order") also put in place a schedule that will require Defendants to fully litigate a case with seventy-seven asserted claims "by the summer of 2015"—precisely when the PTAB Proceedings are expected to be complete. Ex. 1 at 2. Thus, while Appellants seek reversal of the District Court's Denial Order in their forthcoming primary brief, such relief will be largely ineffective without an immediate stay, since most if not all of the litigation of the underlying case will occur while this appeal is pending.

The District Court's erroneous Denial Order will cause substantial harm not only to Appellants, but also to the "numerous" third parties whose depositions will need to be taken in discovery. *IV v. SunTrust Banks, Inc., et al.*, No. 1:13-cv-02454, Dkt. 156 at 3 (N.D. Ga. June 23, 2014). The harm to third parties is compounded because IV filed six other cases asserting the same five patents against six other groups of financial institutions (the "Same-Patents Cases"). Ex. 1 at 2–3. Tellingly, <u>all *six* of the Same-Patents Cases already have been stayed</u>.[1] The District Court's decision to make itself the only one of these seven cases that refused to grant a stay will result in "duplication" with respect to the depositions of at least "some third-party witnesses." Ex. 2 at 2 (Plaintiff's Opposition). The public interest factor thus weighs particularly heavily here in favor of a stay.

---

[1] Five of the Same-Patents Cases have been stayed pending the outcome of the IPR Proceedings. The sixth case has been stayed pending that court's forthcoming decision on the motion to stay pending the outcome of the IPR Proceedings.

Appellants very likely will prevail on the merits of this appeal because, rather than applying the law to the facts of this case, the District Court's analysis of the four AIA stay factors instead reflects its own fundamental aversion to staying patent cases based "on the intercession of another forum with only a limited jurisdiction over these claims." Ex. 1 at 10. Indeed, even *before* Appellants filed their stay motion below, the District Court twice warned that it would never stay this case. Ex. 3 (Tr. of Oct. 3, 2013 Hrg.) at 10:6–7; Ex. 4 (Tr. of May 8, 2014 Hrg.) at 17:1. When confronted with Appellants' stay motion, the District Court stated that CBM Review could take upwards of "three-and-a-half years," concluded that a stay pending CBM Review is contrary to Rule 1 of the Federal Rules of Civil Procedure, and (in stark contrast to the holdings in each of the stayed Same-Patents Cases) held that all four factors strongly weigh against a stay:

| First Factor (Simplification of the Issues) | "I fail to understand why it would be cheaper, or more efficient or quicker, to wait for three-and-a-half years and speculate what benefit might be achieved by a CMBR [*sic*]." Ex. 1 at 8. |
|---|---|
| Second Factor (Stage of the Litigation) | "The CBMR process can take up to 24 months between the filing of a petition for review and the PTAB's issuance of a final decision. . . . The parties may then appeal the PTAB's decision to the Federal Circuit Court of Appeals, with all the attendant delays of the appellate process, perhaps another two years. . . . Thus, staying this case pending the PTAB's resolution of JPMC's petitions for CBMR could result in substantial delay." Ex. 1 at 8–9. |
| Third Factor (Undue Prejudice on the Non-Movant) | "Again, staying this case would give JPMC an unfair tactical advantage. Intellectual Ventures would lose the benefit promised by the Federal Rules of Civil Procedure—a 'just, speedy, and inexpensive determination of every action and proceeding.' Fed. R. Civ. P. 1. JPMC would have the advantage of delay and |

| | |
|---|---|
| | continuing utilization of patented devices and systems that the law suit is intended to regulate." Ex. 1 at 9. |
| **Fourth Factor (Reducing the Burden of Litigation)** | "JPMC's argument that the PTAB's resolution of the petitions for CMBR [*sic*] will reduce the work in this Court and for the parties is largely speculative. I do not understand the sense of staying this entire litigation in order to wait to see what the PTAB will do." Ex. 1 at 9. |

Notably, the District Court's conclusion that a stay would give JPMC an "unfair tactical advantage" is not only contrary to this Court's precedent, it is also contrary to IV's own litigation conduct. In addition to the Same-Patents Cases, IV also simultaneously filed six other lawsuits against financial institutions asserting a set of five other patents (the "Related-Patents Cases"). Ex. 5 (Summary of Status of Related-Patents Cases). <u>In three of the Related-Patents Cases, IV stipulated to stays where, as here, CBMR petitions had been filed but not yet ruled upon by the PTAB</u>. *Id.* In one of those stay motions, which IV joined, IV told the court that "*neither party to this litigation will suffer undue prejudice from a stay*," and also that "a stay pending the PTO's CBM review will ensure that the Court and the parties *do not waste resources by unnecessarily litigating the same claims in the PTO proceedings and in this Court*." Ex. 6 (Joint Motion To Stay, *IV v. PNC Fin. Servs. Grp., Inc.*) at 2–3.[2] IV will not be harmed by a stay.[3]

---

[2] Unless otherwise noted, all emphasis in quotations was added by Appellants.

[3] Because the Denial Order involves the denial of a stay pending CBM Review, this Court has jurisdiction to address all issues underlying the District Court's order. *See, e.g.*, *Sky Techs. LLC v. SAP AG*, 576 F.3d 1374, 1378-79 (Fed. Cir. 2009). This includes the District Court's denial of a stay as to the three patents-at-

## II.    BACKGROUND

IV filed suit against JPMC on June 4, 2013, alleging infringement of five patents: U.S. Patent Nos. 5,745,574 ("the '574 patent"); 6,826,694 ("the '694 patent"); 6,715,084 ("the '084 patent"); 6,314,409 ("the '409 patent"); and 7,634,666 ("the '666 patent") (collectively, "the patents-at-issue").    At approximately the same time, IV also filed (a) the six Same-Patents Cases, so that there are a total of seven cases pending in seven federal district courts all involving the same five patents-at-issue; and (b) the six Related-Patents Cases.[4]

### A.    The District Court Decides That A *Markman* Hearing Should Be Held Before Any Discovery Begins

In October 2013, before any discovery began, the District Court *sua sponte* ordered that discovery would be stayed until it held a *Markman* hearing.  Ex. 3 at 2:3–19;  *see also* Ex. 7 (Oct. 16, 2013, Order of the District Court) at 3 ("Discoveries, other than exchange of Initial Disclosures should await the *Markman* hearing").[5]  At a conference held on October 3, 2013, the district court stated that it would hold a *Markman* hearing before allowing any other proceedings

---

issue not presently the subject to CBMR petitions.  Indeed, the decision to stay based on CBM Review in this case necessarily involves consideration of the totality of circumstances present in the case when considering the factors set forth in AIA § 18(b)(1).

[4] For the Court's convenience, a one-page chart summarizing Same-Patent Cases and Related-Patents Cases, is attached as Ex. 5.

[5] The District Court also suggested that no *Markman* briefing was necessary, although the District Court ultimately consented to the parties' request for briefing. Ex. 3 at 12:18–24; Ex. 8 (Tr. of Oct. 29, 2013, Patent Tutorial) at 119:14–18.

because, among other things, "holding that hearing early leads to motion practice or discovery on issues that are more limited." Ex. 3 at 3:1–3. At that same hearing, and after being informed that IPRs will be requested of the remaining patents-in-suit, the district court remarked: "But I don't wait for other people . . . I'm running this case, as far as I have discretion to do so." *Id.* at 10:4–17.

The District Court held a *Markman* hearing on March 5 and 6, issuing its constructions from the bench. At the conclusion of the hearing, Defendants noted that there were numerous asserted claims and proposed that, now that they had the Court's claim constructions, they be allowed to file motions to attempt to streamline the numerous issues in the case. The District Court stated that it was not inclined to entertain any such motions until after the close of fact discovery.

### B.    Non-Party IBM Seeks And Obtains IPR Of The '666 Patent

On November 20, 2013, non-party IBM filed a petition requesting IPR of all claims of the '666 Patent. Ex. 9 (JPMC's Notice of Filing). On April 16, 2014, the PTAB issued an Order instituting an IPR proceeding of the '666 Patent after finding that IBM had "established a reasonable likelihood that [it] would prevail" in demonstrating Claims 1–11 are invalid over the prior art. Ex. 10 at 1 (JPMC's Notice of Institution). Claim 4, the only claim of the '666 Patent asserted against JPMC in this case, is subject to that instituted IPR proceeding.

**C.    Twelve Other IPR Petitions Are Filed And The Same-Patents Cases Are All Stayed As A Result**

Between April 7, 2014, and May 20, 2014, various non-parties—IBM, BBVA Compass Bancshares, Inc. ("Compass"), Commerce Bancshares, Inc. ("Commerce"), and First National Bank of Omaha ("FNBO")—filed twelve (12) additional petitions requesting IPR of each of the four remaining patents-in-suit. Ex. 12 (JPMC's Notice).  Collectively, these IPR petitions challenge the validity of all claims asserted against JPMC in this case.  In fact, between two and four IPR petitions have been filed against *each* of the remaining patents-in-suit.

The defendants in the Same-Patents Cases all moved for stays in light of the IPR Proceedings and five of those cases were stayed.  Ex. 5 (Summary of Status of Same-Patents Cases).  On August 14, 2014, the sixth case has been stayed pending that court's forthcoming order.  Ex. 12 (Tr. of Aug. 14, 2014 Tel. Conference in *IV v. SunTrust Banks, Inc.*) at 17:23–24.

**D.    The Supreme Court Decides *Alice* And, After Only Four Months Of Discovery, JPMC Seeks CBM Review And Moves For A Stay**

On June 19, 2014, the U.S. Supreme Court issued its decision in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l.*, 134 S. Ct. 2347 (2014).  In light of the significance of *Alice*, IV itself consented to stays of discovery in two of its Related-Patents Cases.[6]

---

[6] *See IV v. Mfrs. & Traders Trust Co.*, No. 13-cv-1274-SLR, Dkt. No. 123 (D. Del. Feb. 3, 2014) (stipulating to a stay "to allow M&T and IV to assess the effect of"

On June 27, 2014, JPMC filed a motion seeking a stay based on (i) the IPR Proceedings, (ii) the CBMR petitions it planned to shortly file, and (iii) the fact that the Same-Patents Cases had been stayed, a fact which precluded coordinated discovery and inevitably would result in duplicative discovery of third parties. On July 11, 2014, Defendants filed a petition seeking CBMR of the '409 patent. On July 18, 2014, Defendants filed a petition seeking CBMR of the '574 patent. Both petitions rely heavily on the Supreme Court's decision in *Alice*.

## E.    The District Court Denies The Stay Motion And JPMC's Subsequent Motion For Stay Pending This Appeal

On August 11, 2014, the District Court denied Defendants' underlying motion for stay of the litigation. Ex. 1 at 1. As of the filing of the stay motion (and through today),[7] no trial date or even any scheduling order had been entered by the District Court. Nevertheless, in its Denial Order the District Court stated that "I expect the parties to finish fact discovery by the end of the year." Ex. 1 at 8. As of the filing of this motion, document production remains incomplete (the parties have not even begun to produce any e-mails, nor have any documents concerning damages been produced); only *one* deposition has been taken; and no expert discovery has occurred.

---

*Alice*"); *IV v. HSBC USA, Inc.*, No. 13 Civ. 5386, Dkt. No. 59 (S.D.N.Y.) (IV "agreed that it made sense to stay this action pending a decision" in *Alice*.).

[7] Under *VirtualAgility*, the date to evaluate the state of discovery on appeal is the date on which the stay motion was filed. *VirtualAgility v. Inc. v. Salesforce.com, Inc.*, 2014 WL 3360806, at *8 (Fed. Cir. July 10, 2014).

On August 12, 2014, JPMC filed a motion with the District Court seeking a stay pending the outcome of this interlocutory appeal.  Ex. 14 (Defendants' Motion for Stay Pending Appeal).  Appellants filed their notice of interlocutory appeal the next day.  Ex. 15 (Defendants' Notice of Appeal).  The District Court issued an order denying Appellants' motion for stay pending this appeal on August 14, 2014, before Appellants had the opportunity to file a reply to IV's opposition.  Ex. 16 (Aug. 14, 2014, Order Denying Motion to Stay Case Pending Appeal).

## III.   STANDARD FOR GRANT OF STAY

Whether a stay pending appeal is warranted is well established:

> In deciding whether to grant this motion, we must apply the four factors that always guide our discretion to issue a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  Here, all four factors weigh in favor of a stay.

## IV.   JPMC HAS A HIGH LIKELIHOOD OF SUCCESS ON THE MERITS

Appellants very likely will prevail on the merits.  The District Court's Denial Order errs in many respects.[8]  The AIA sets out four factors for a district

---

[8] JPMC will address these grounds in full in its opening brief.

court to consider when analyzing a CBMR-based motion to stay pursuant thereto: (1) simplification of issues; (2) status of the case; (3) prejudice or disadvantage to the nonmoving party; and (4) reduction of litigation burden.   AIA § 18(b); *VirtualAgility*, 2014 WL 3360806, at *2.   Under this statutory stay provision, Congress envisioned that "it is nearly impossible to imagine a scenario in which a district court would not issue a stay" during the pendency of a CBM Review.   157 Cong. Rec. S1053 (daily ed. Mar. 1, 2011) (statement of Sen. Schumer); *Versata Software, Inc. v. Volusion, Inc.*, 2013 WL 6912688, at *2 (W.D. Tex. June 20, 2013) (holding that the filing of a CBMR petition is "a very heavy thumb on the scale in favor of a stay being granted").   The AIA enables this Court to immediately review a decision under § 18(b) *de novo*.   The   District   Court misapplied each of the four factors here.

### A.    The District Court Mistakenly Concluded That CBM Review Does Not Simplify The Issues

The District Court Denial Order is not based on the facts of the case and, instead, reflects the District Court's belief that stays pending CBMR are *always* inefficient.   Ex. 1 at 7–8.   Nor did the District Court offer any explanation as to what it meant by "business practices are paralyzed" and "expenses mount"—if anything, it is concurrent litigation, not a stay pending CBMR, that interferes with business practices and causes expenses to mount, particularly where, as here, the plaintiff is a non-practicing entity and the parties are not business competitors.

10

*See, e.g.*, *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, 2014 WL 1369721, at *5 (D. Del. Apr. 7, 2014) (granting a stay where the plaintiff's "status as a non-practicing entity, rather than a market participant, suggests there is little risk that it will lose sales or goodwill in the market.")

Appellants' CBMR petitions substantially will simplify the issues here because, together, the two patents currently subject to CBMR petitions include 46 of the 77 asserted claims in this case.  The fact that multiple requests for IPR, covering *all* 77 of the asserted claims, also are pending for all of the patents-at-issue adds to the substantial simplification of issues that a stay would bring.

Tellingly, and even without the additional benefit of JPMC's CBMR petitions, the courts in five of the Same-Patents Cases all readily concluded that this factor weighed in favor of a stay.  Ex. 17 (*IV v. First Nat'l Bank of Omaha*, Dkt. 67 (D. Neb. May 6, 2014)) at 2; Ex. 18 (*IV v. BBVA Compass Bancshares, Inc.*, Dkt. 66 (N.D. Ala. June 4, 2014)) at 1; Ex. 19 (*IV v. Commerce Bancshares, Inc.,* Dkt. 82 (W.D. Mo. June 4, 2014)) at 5; Ex. 20 (*IV v. Huntington Bancshares, Inc.*, Dkt. 61 (S.D. Ohio June 10, 2014)) at 5; Ex. 21 (*IV v. U.S. Bancorp*, Dkt. 77 (D. Minn. Aug. 7, 2014)) at 15.[9]

---

[9] Three of the factors considered on an application for a CBMR-based stay are also factors to be considered when deciding a motion for an IPR-based stay.  *Interface, Inc. v. Tandus Flooring, Inc.*, 2013 WL 5945177, at *4 (N.D. Ga. Nov. 5, 2013).

**B.     The District Court Misstated The Uncontroverted Record Concerning The Status Of The Case**

On the second factor, the District Court glaringly misstated the record. The Court stated that "most written discovery has been accomplished." Ex. 1 at 2. In fact, *no* written discovery has been accomplished. Ex. 13 at 107.

The Court stated that "document discovery . . . should be complete" by "August 20, 2014." Ex. 1 at 2. In fact, no documents concerning damages have been produced or are slated to be produced until September 15, 2014; and the parties have not yet even *begun* to produce e-mails, which likely will comprise the most voluminous category of documents to be produced. Ex. 22 (May 16, 2014, Joint Correspondence) at 1.

The Court stated that "depositions have been scheduled." Ex. 1 at 2. In fact, only one deposition currently is scheduled, and to date only one deposition has been taken. Ex. 2 at 4–7. And, while the District Court *sua sponte* announced for the first time in its Denial Order that this case "should be resolved, by motion or by jury, by the summer of 2015," in fact no trial has been set, nor has any scheduling order ever been entered. Ex. 2 at 7:1–15.    As with the other factors, the Denial Order demonstrates that the District Court mistakenly concluded that the second factor *always* weighs against a stay. And courts in five of the stayed Same-Patents Cases all concluded that this factor weighed in favor of a stay. Ex. 17 at 2; Ex. 18 at 1–2; Ex. 19 at 7; Ex. 20 at 5; Ex. 21 at 14.

12

## C.    The District Court's Conclusion That The Third Factor Weighs Against A Stay Is Plainly Erroneous

The District Court erred by assuming that JPMC unfairly would benefit from a stay by "continuing utilization of patented devices and systems."  Such a determination is entirely unfounded; it has not been made and may never be made.[10]  As with the other factors, the District Court's statements establish that it mistakenly concluded that this third factor *always* weighs against a stay.

The District Court could not cite a single authority to support its conclusion on this third factor.  Ex. 1 at 9.  Nor did the District Court even address the undisputed facts that (i) IV is a non-practicing entity that seeks only monetary relief in this case; and (ii) IV itself has stipulated to stays in three of the Related-Patents Cases where, as here, CBMR petitions were filed but not yet granted, stating in one of those cases that "neither party to this litigation will suffer undue prejudice from a stay."  Ex. 6 at 3.

Tellingly, each of the five courts in the Same-Patents Cases that have issued decisions on stay motions readily concluded that this factor weighs in *favor* of a stay.  Ex. 17 at 2; Ex. 18 at 1–2; Ex. 19 at 6–7; Ex. 20 at 8; Ex. 21 at 12.

---

[10] In the proceedings below, Appellants denied IV's allegations of infringement and continue to maintain that they do not infringe any of the patents-in-suit.  The District Court never has been presented with any evidence of infringement, nor even any motion requesting any finding of infringement.

**D.    The District Court Erroneously Concluded That CBM Review Will Not Reduce The Litigation Burden**

On the fourth factor, the District Court's conclusion is not based on the facts of this case.    Contrary to the District Court's bald supposition and *ipse dixit* conclusion, the litigation burden on the parties and the District Court will be reduced by the CBM Review.    The PTAB's guidance, under any outcome, will be useful to the parties and the court.    Indeed, several district courts have recognized this factor was intended by Congress to "ease the movant's task of demonstrating the need for a stay."    *Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 489–90 (D. Del. 2013).    Again, the courts in the five stayed Same-Patents Cases all readily concluded that this factor weighs in favor of a stay.    Ex. 17 at 2; Ex. 18 at 1–2; Ex. 19 at 7; Ex. 20 at 7; Ex. 21 at 10–11.

**E.    The Denial Order Establishes That The District Court Mistakenly Based Its Decision On An Erroneous Assumption That Stays Pending CBM Review Conflict With The Federal Rules**

At the end of the Denial Order, the District Court revealed its fundamental, if not completely overriding, opposition to staying patent litigation based on any sort of PTAB proceeding:

> There is a great temptation on the part of a district judge, overseeing a large and diverse docket, to accept the promise of a stay and move on to other parts of his docket. But as pointed out here, <u>patent claims, like all cases, deserve the same quality of treatment as Federal Rule of Civil Procedure 1 promises</u>: a "just, speedy, and inexpensive determination."

> In my experience, <u>patent claims can be difficult, but not more so than</u>

14

other claims. They do not approach the administrative complexity of a multi-district litigation, or the 13,000 cases in the World Trade Center dockets over which I presided. They do not rival the wrought emotions and web of intentions in a heated criminal trial.

The case before me will end in less than a year. It makes no sense for me to delay its resolution further by waiting, for four years, on the intercession of another forum with only a limited jurisdiction over these claims.

Ex. 1 at 10. The District Court's view is fundamentally at odds with Congress' stated views through the AIA and this Court's precedent concerning when stays of district litigation should be granted in light of concurrent PTAB proceedings. *VirtualAgility*, 2014 WL 3360806, at \*11; *see also* 157 CONG. REC. S1363 (daily ed. Mar. 8, 2011) (statement of Sen. Schumer) (CBM Review "provide[s] a cheaper, faster alternative to district court litigation over the validity of business-method patents"). In sum, every statutory factor strongly favors a stay, and Appellants are very likely to prevail on the merits of their appeal.

## V.    DENIAL OF A STAY PENDING APPEAL WILL IRREPARABLY INJURE JPMC BUT A GRANT OF A STAY WILL NOT INJURE IV

The underlying litigation, if not stayed pending resolution of this appeal, will substantially and irreparably harm Appellants. Indeed, that harm will continue to increase over time. The underlying litigation involves five asserted patents, seventy-seven (77) asserted claims and, in IV's own words, will require discovery

15

from "some third party witnesses."[11] Ex. 2 at 2. To date, very little discovery has occurred. But, in light of the District Court's announcement in the Denial Order that it "expect[s] the parties to finish fact discovery by the end of the year," Defendants will be forced to expend substantial time and resources on discovery before this interlocutory appeal may be briefed, argued, and decided. Ex. 1 at 8. The PTAB already has determined that there is a "reasonable likelihood" that one of the patents-in-suit is invalid. Ex. 10. Discovery as to this patent will be entirely unnecessary, and irrelevant, if the PTAB issues a final decision cancelling the challenged claims of that patent. And it was uncontroverted below that the PTAB Proceedings, including in particular the CBMR Proceedings, are exceedingly likely to render much (and possibly all) of this discovery unnecessary. *IV v. JPMorgan Chase & Co., et al.*, No. 1:13-cv-03777, Dkt. 146 at 4–5 (S.D.N.Y. July 18, 2014). If the Denial Order stands, Defendants will be deprived of the substantial savings in costs and time that the PTAB Proceedings promise, and which Congress intended them to provide.

Appellants will be further harmed by the possibility of conflicting rulings between the District Court and the PTAB. IV already have taken inconsistent positions with respect to the asserted claims in the two forums, thereby increasing

---

[11] At the outset of the litigation, JPMC proposed limiting the number of asserted claims and prior art references. IV refused and the District Court refused to adopt it. Ex. 3 at 13:15–22 (refusing to address proposed case management orders).

the likelihood that this additional harm will occur. *Id*. at 11 fn. 12; *id*. at Dkt. 147, ¶ 11. Worse still, the District Court's announcement in the Denial Order that it now wants this case to reach judgment in "less than a year" creates the additional substantial harm that a judgment may be entered in the District Court shortly before the PTAB concludes one or more of the PTAB Proceedings. For example, the District Court might enter a judgment on the '409 or '574 patents in the summer of 2015 (as the Denial Order promises it will do), only to have the PTAB issue its own judgment on those patents' CBMRs the following week. This is exactly the type of inefficiency that Congress intended to avoid.

By contrast, it is beyond dispute that IV will not be harmed by a stay pending this appeal. Five of the Same-Patents Cases already have been stayed. As those five district courts all recognized, IV is a non-practicing entity that does not compete with financial institutions like Appellants and which seeks only monetary relief here. This Court's precedent clearly holds that a stay of this litigation—and certainly a limited stay pending resolution of this interlocutory appeal—does not unfairly prejudice IV. *See, e.g.*, *VirtualAgility*, 2014 WL 3360806, at *9 (holding that, where a plaintiff seeks only monetary damages, a stay is unlikely to unduly prejudice plaintiff because "a stay will not diminish the monetary damages to which [plaintiff] will be entitled if it succeeds").

17

Indeed, in three of the Related-Patents Cases, IV *stipulated to stays* in circumstances less compelling than those present here. Specifically, in those three cases, two bank defendants (PNC Bank and Bank of America) filed CBMR petitions with respect to three of the patents-in-suit. Within *three weeks* of the filling of those CBMR petitions, which was several months *before* the PTAB addressed the petitions, IV consented to stays in each of those cases. In one of those three cases, IV not only consented to a stay, it joined in the bank defendants' stay motion, arguing that the district court there should stay the case in light of the fact that requests for CBMR had been filed because, in addition to other arguments it made that were quoted above, "CBM Review will eliminate *the risk of this Court and the PTO reaching conflicting conclusions on the claims* in this matter, resulting in protracted litigation." Ex. 6 at 3.

IV hardly can viably claim that it would be substantially injured by a stay of the District Court case pending the resolution of this appeal.

## VI.   THE PUBLIC INTEREST SUPPORTS THE STAY

Should Appellants prevail on this appeal without this Court ordering a stay of the District Court case pending appeal, both the parties and the District Court will expend substantial and unnecessary time and effort litigating issues that may be completely mooted by the PTAB's decision. Also, the parties have identified numerous third parties whose testimony will be required should this case proceed.

It was uncontroverted below that the District Court's decision to make itself the sole case among the seven Same-Patents Cases to deny a stay renders coordination of discovery among the seven actions impossible, and in particular, substantially increasing the burden on everyone involved. The Denial Order thereby has the effect of requiring "duplication" with respect to the depositions of "some third party witnesses," which is against the public interest. Ex. 2 at 2. In the proceedings below, IV's only proposed solution to this admitted problem was that counsel for the banks in the stayed Same-Patents Cases *ignore* the stay orders in those actions and proceed to attend and participate in third-party depositions noticed in this case anyway. *Id.* at 9.

This particular circumstance—where seven district courts each simultaneously have cases involving the same plaintiff and the same five asserted patents, and only one of the seven courts denies a stay—makes the public interest in granting a stay here especially strong. Having *stipulated* to stays in three of its Related-Patents Cases, IV should not be allowed to now force third-party witnesses to not only engage in discovery which the PTAB Proceedings may render moot, but to endure the admitted risk of "duplication" of depositions. In sum, the public interest strongly favors this Court granting an immediate stay pending appeal.

## VIII.  CONCLUSION

A stay of the underlying case pending resolution of this appeal is warranted.

Dated:  August 19, 2014                    Respectfully submitted,

                                           /s/ *Kenneth Adamo*
                                           **KIRKLAND & ELLIS LLP**
                                           Kenneth R. Adamo
                                           601 Lexington Avenue
                                           New York, New York 10022-4611
                                           Telephone: (212) 446-4839
                                           Facsimile: (212) 446-4900
                                           kenneth.adamo@kirkland.com

                                           **DURIE TANGRI LLP**
                                           Clement S. Roberts
                                           Mark A. Lemley
                                           217 Leidesdorff Street
                                           San Francisco, California 94111
                                           Telephone: (415) 362-6666
                                           Facsimile: (415) 236-6300
                                           croberts@durietangri.com
                                           mlemley@durietangri.com

## STATEMENT OF OPPOSITION

Pursuant to Federal Circuit Rule 27(a)(5), counsel for JPMC attempted to confer with IV concerning this motion.  IV did not respond, but IV has indicated in the past it would be opposed to this motion and would file a response.

Dated:  August 19, 2014                    /s/ *Kenneth Adamo*

                                                     Kenneth Adamo

## **<u>PROOF OF SERVICE</u>**

I hereby certify that on August 19, 2014, a copy of Defendants-Appellants'
Motion To Stay Underlying Proceedings Pending Appeal, along with all
supporting documents, was filed pursuant to ECF-8(d)(1) with the Clerk of Court.
Copies were also served via electronic mail on the following counsel:

- Elizabeth Day, eday@feinday.com

- William Irvin Dunnegan, wd@dunnegan.com

- Ian Feinberg, ifeinberg@feinday.com

- Marc Belloli, mbelloli@feinday.com

Copies were also served via Federal Express mail on the above counsel at
the following address:

> 1600 El Camino Real, Suite 280
> Menlo Park, CA 94025

> and

> 350 Fifth Avenue, 49th Floor
> New York, New York 10118

Dated:  August 19, 2014                      /s/ *Kenneth Adamo*
                                                        _____

                                                        Kenneth Adamo

## CERTIFICATE OF INTERESTED PARTIES

Pursuant to Federal Circuit Rule 47.4, the undersigned hereby the following interested parties:

1.    The full name of all the Defendant-Appellants represented by the undersigned counsel in this case is: JPMorgan Chase & Co., JPMorgan Chase Bank, National Association, and Chase Bank USA, National Association, Chase Paymentech Solutions LLC, and Paymentech LLC (collectively, "Defendant-Appellants").

2.    There are no other real parties in interest represented by the undersigned.

3.    JPMorgan Chase & Co. is a publicly-traded company listed on the NYSE under the symbol JPM.  JPMorgan Chase & Co. has no parent corporation or other company that holds 10% or more of its stock.

4.    No Defendant-Appellant has a parent corporation, with the following exceptions:

- JPMorgan Chase Bank, National Association is a wholly-owned subsidiary of JPMorgan Chase & Co.

- Chase Bank USA, National Association is a wholly-owned indirect subsidiary of JPMorgan Chase & Co.

- Chase Paymentech Solutions LLC is an indirect wholly-owned subsidiary of JPMorgan Chase & Co.

- Paymentech LLC is an indirect wholly-owned subsidiary of JPMorgan Chase & Co.

5.    The names of the law firms and the partners and associates that have appeared for the Defendants/Appellants in the District Court or are expected to appear for Appellants in this Court are: Tibor L. Nagy, Jr., Matthew S. Dontzin, David A. Fleissig, Patrick R. McGee, all of Dontzin Nagy, & Fleissig, LLP; Clement S. Roberts and Mark A. Lemley, all of Durie Tangri LLP; and Kenneth R. Adamo, Brent P. Ray, Eugene Goryunov, Benjamin A. Lasky, and Ryan M. Hubbard, all of Kirkland & Ellis, LLP.

Dated:  August 19, 2014         /s/ *Kenneth Adamo*

                                  Kenneth Adamo